CHARLES CARROLL, Chief Judge.
In this action for damages for breach of warranty of title to an automobile, summary judgment was entered for the plaintiff and the defendants appealed. The appel-lee purchased an automobile in Dade County from the appellants, paying therefor the sum of $5,025. The car bore an Alabama license plate. Documents received from the seller were bills of sale made in Alabama and Georgia and an instrument entitled “Reassignment by Licensed Dealer” by which the defendants (Charles-Stuart Motor Company) warranted the title to be free of liens. Appellee shipped the car to Detroit, Michigan, for resale. Prior to a resale of the car in Michigan, General Motors Acceptance Corporation asserted a lien, and established in a court proceeding in Michigan that it had a lien on the car for $5,-417.56 and was entitled to possession.
*20 On their appeal in the present case the appellants contend that the court was without jurisdiction. This action was filed in the civil court of record in Dade County, which has jurisdiction of civil law actions when the matter in controversy does not exceed, exclusive of interest and costs, the sum of $5,000. See § 33.14 Fla.Stat., F.S.A. In the original complaint damages were claimed in the sum of $5,025. On motion of the defendant-appellants the trial court entered an order dismissing the cause. Thereupon plaintiff filed a timely motion to amend by reducing the claim for damages to an amount within the jurisdiction of the court. After hearing thereon the court vacated the dismissal order and allowed the amendment, and the plaintiff amended to claim only $5,000 damages. In our view the trial court did not commit error in so ruling. The matter was one within the sound judicial discretion of the court, and no abuse of discretion is shown. The action taken by the trial court in this instance conformed to the policy indicated by the rule relating to amendments. See rule 1.15(e), F.R.C.P., 30 F.S.A.
In contending the court erred in entering summary judgment, appellants argue that there was no sufficient proof of the Michigan court’s decree relating to the lien for the reason that the copy of the decree submitted was not exemplified. The trial court concluded correctly there was no genuine issue as to the existence and outcome of the Michigan court proceeding involving the claim of lien. The defendants were informed of the lienor’s claim prior to the entry of the Michigan decree thereon.
Appellants argue, correctly, that the Michigan decree is not binding on them because they were not parties to that suit. However, the proceeding there by the lienor against the party holding possession for the plaintiff resulted in a declaratory ruling that there was outstanding a lien for an amount in excess of the price paid for the car by the plaintiff, and in the enforcement of the lien by an award of possession of the car to the lien claimant. In the instant case the trial court properly held that breach of warranty was established and that the plaintiff was entitled to judgment as a matter of law.
Accordingly, no reversible error having been shown, the judgment appealed from is affirmed.
Affirmed.